NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

-----------------------------

STATE OF ARIZONA, *Respondent*,

*v.*

KAREEM ELI WARLING, *Petitioner*.

No. 1 CA-CR 14-0436 PRPC
FILED 7-28-16

-----------------------------

Petition for Review from the Superior Court in Maricopa County
No. CR 1990-013091
CR 1990-013516

The Honorable John R. Ditsworth, Judge

**REVIEW GRANTED; RELIEF DENIED**

-----------------------------

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Kareem Eli Warling, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie, Judge Kent E. Cattani, and Judge Donn Kessler delivered the decision of the Court.

---

**P E R  C U R I A M**:

¶1          Kareem Eli Warling seeks review of the superior court's order summarily dismissing his post-conviction "Motion for Correction of Conviction" and "Motion for Entry of Clearance on Records (13-4051)." He argues that the court improperly treated his motions as petitions for post-conviction relief under Arizona Rule of Criminal Procedure 32, and that the court failed to address one issue regarding a juror's note. We have considered the arguments presented in his petition for review and, for reasons that follow, grant review but deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2          In CR 1991-005542, Warling was charged with one count of sexual conduct with a minor, a class 2 felony and dangerous crime against children, and two counts of sexual conduct with a minor, class 6 felonies.[1] He pleaded guilty to one count of sexual conduct with a minor, a class 6 felony, in exchange for the dismissal of the two remaining counts. He was sentenced to the presumptive term of 1.5 years' imprisonment.

¶3          In CR 1990-013091, Warling was charged with aggravated assault, a class 3 dangerous felony. A jury found him guilty, and he was sentenced to 15 years' imprisonment.

¶4          These cases were consolidated on direct appeal, and this court affirmed the convictions and sentences as modified. *State v. Warling*, 1 CA-CR 91-1476, 1 CA-CR 91-1477 (Ariz. App. May 25, 1993) (mem. decision).

¶5          In CR 1990-013516, Warling was charged with four counts of aggravated assault, class 3 dangerous felonies. A jury convicted him of all four counts, but found that count one was non-dangerous. The superior court ultimately sentenced Warling to 10 years' imprisonment on counts one and four, and to 15 years' imprisonment on counts two and three. On

---

[1]     This case began as CR 1991-091669, but was renumbered CR 1991-005542, and later consolidated under CR 1990-013091.

direct appeal, this court affirmed the convictions and sentences. *State v. Warling*, 1 CA-CR 91-1387 (Ariz. App. May 11, 1993) (mem. decision).

¶6            Since that time, Warling has filed several post-conviction motions and petitions for post-conviction relief. Relevant to this proceeding, he filed a "Motion for Correction of Conviction," and a "Motion for Entry of Clearance on Records (13-4051)."

¶7            In the "Motion for Correction of Conviction," he challenged his convictions and sentences in CR 1990-013516. Relying on a jury question that had been sent to the trial judge, he argued that he had been illegally found guilty of aggravated assault as both an accomplice and a principle. The superior court noted that this motion challenged Warling's convictions, and treated the motion as a successive and untimely petition for post-conviction relief. The court noted that Warling "alleges that he cannot be the accomplice and perpetrator to the same crime. [Warling] states the jury found him guilty of being an accomplice to aggravated assault. That is not accurate; the . . . jury note, which the jury uses to ask questions . . . is not a jury verdict." The court also summarily dismissed the petition for post-conviction relief as untimely.

¶8            In the "Motion for Entry of Clearance on Records (13-4051)," filed in CR 1991-005542, Warling argued that the prosecutor had improperly "overcharged" him to coerce a guilty plea by charging one of the three counts of sexual conduct with a minor as a dangerous crime against children, even though the victim was not under the age of fourteen. He also argued his counsel was ineffective for failing to move to dismiss this count prior to the plea agreement. He requested that the court "correct" or "expunge" this count to reflect that the crime was not a dangerous crime against children because this error affected his risk level and thus his privileges while incarcerated. After noting that it had previously summarily dismissed the "Motion for Correction of Conviction," the superior court treated the "Motion for Entry of Clearance on Records (13-4051)" as a petition for post-conviction relief and found that the prosecutorial misconduct and ineffective assistance of counsel claims were untimely. The court also denied Warling's request that the dismissed charge of sexual conduct with a minor, a class 2 felony and dangerous crime against children, be expunged because there is "no mechanism in Arizona which expunges records."

¶9            Warling timely petitioned for review. He argues that the superior court abused its discretion by treating his motions as requests for post-conviction relief. He also argues that the court failed to address

whether the judge's response to the jury note was misleading, and that he is entitled to have his record cleared of the dismissed charge of sexual conduct with a minor, a class 2 felony and dangerous crime against children, because "the victim was 14 years or older on the date of" September 19, 1990, the date of the charged offense.

**DISCUSSION**

¶10 We note that Warling did not file a petition for review of the superior court's order summarily dismissing his "Motion for Correction of Conviction" in CR 1990-013516. To the extent Warling reasserted these claims in this matter, the court did not abuse its discretion by treating the motion as a petition for post-conviction relief. Warling was specifically challenging his convictions and sentences for aggravated assault based on a jury note sent to the trial judge during deliberations. This is a cognizable claim pursuant to Arizona Rule of Criminal Procedure 32.1(a), and Rule 32.3 directs that when a defendant "raise[s] any claim attacking the validity of his or her conviction or sentence, [the] court shall under this rule . . . treat [the action] as a petition for relief under this rule and the procedures of this rule shall govern." Having properly treated the motion as a petition for post-conviction relief, the superior court correctly found the resurrected claim untimely under Rule 32.4(a) because it was not filed within 90 days of judgment and sentence, and that it was precluded under Rule 32.2(a)(2) because it had been fully adjudicated in a previous proceeding.

¶11 Warling's "Motion for Entry of Clearance on Records (13-4051)" asserted that one count of sexual conduct with a minor charged in CR 1991-005542 (and dismissed pursuant to his plea agreement) was improperly designated a class 2 felony and dangerous crime against children (instead of a class 6 felony, like the other two counts). He argued that the victim was 14 years old at the time of the alleged offense, and that the law in effect at the time only classified the offense as a class 2 felony and dangerous crime against children if the victim was *under* 14 years of age. To the extent this motion attacked his conviction and sentence based on alleged prosecutorial misconduct (for "overcharging" the offense) and ineffective assistance of counsel (for failing to recognize the "overcharging"), the superior court correctly construed these arguments as claims of constitutional violations under Rule 32.1(a) and correctly dismissed them as untimely under Rule 32.4(a). And, as noted in one of Warling's earlier post-conviction proceedings, the claims are precluded under Rule 32.2(a)(3) because they could have been raised in prior proceedings.

4

**¶12** Moreover, notwithstanding procedural bars, and to the extent this motion seeks relief outside the ambit of Rule 32, Warling's assertion is based on a mistaken belief as to the statute in effect on September 19, 1990, the date of the relevant charged offense. Warling's victim was born on July 18, 1976. He engaged in sexual intercourse with her on three occasions—September 19, September 30, and October 5, 1990—corresponding to the three offenses charged in CR 1991-005542. Thus, the victim was 14 years old on all three occasions.

**¶13** The statute defining the offense, Arizona Revised Statutes ("A.R.S.") § 13-1405, was amended effective September 27, 1990—after the date of the first charged offense but before the latter two. Before September 27, 1990, § 13-1405(B) provided that "[s]exual conduct with a minor under *fifteen* years of age is a class 2 felony and is punishable pursuant to § 13-604.01 [dangerous crimes against children]. Sexual conduct with a minor *fifteen* years of age or over is a class 6 felony." (Emphasis added.) The Legislature amended the statute to read "[s]exual conduct with a minor under *fourteen* years of age is a class 2 felony and is punishable pursuant to section 13-604.01 [dangerous crimes against children]. Sexual conduct with a minor *fourteen* years of age or over is a class 6 felony," and this amendment became effective on September 27, 1990. *See* 1990 Ariz. Sess. Laws, ch. 384, § 2 (2d Reg. Sess.) (emphasis added); *see also* Ariz. Const. art. IV, § 1(3); Arizona Legislature, Gen. Effective Dates, http://www.azleg.gov/GeneralEffectiveDates.asp.

**¶14** Thus, count one, committed against a 14-year-old victim on September 19, 1990 (before the amendment), was properly charged as a class 2 felony and dangerous crime against children. Counts two and three, committed on September 30 and October 5, 1990, respectively, were properly charged as class 6 felonies.

**¶15** Accordingly, the superior court properly denied relief on Warling's claims, and we grant review but deny relief.

